UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RBH ENERGY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:16-CV-0830-G |
| STUART L. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion for leave to amend its complaint

(docket entry 16). For the reasons stated below, the plaintiff's motion is denied.

## I. BACKGROUND

On March 24, 2016, the plaintiff, RBH Energy, LLC ("RBH"), commenced

this action against the defendant, Stuart L. Brown ("Brown"), alleging copyright

infringement. Plaintiff's Complaint Against Brown ("Complaint") ¶¶ 20-22 (docket

entry 1). RBH contends that on March 28, 2013, without first obtaining permission,

Brown's website displayed a copyrighted image owned by RBH. *Id.* ¶¶ 17-19. On

September 14, 2016, Brown's discovery responses indicated that Stuart L. Brown,

PLLC ("Brown, PLLC") is solely responsible for RBH's injury. Plaintiff's Motion to

Amend Its Pleading ("Motion") at 2 (docket entry 16).  Consequently, RBH seeks

leave to amend its complaint to add Brown, PLLC as a defendant.  *Id.*

## II.  ANALYSIS

### A.  Legal Standard

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings.

Under Rule 15(a)(2), leave to amend should be "freely given when justice so

requires."  This and the other federal rules "reject the approach that pleading is a

game of skill in which one misstep by counsel may be decisive to the outcome and

accept the principle that the purpose of pleading is to facilitate a proper decision on

the merits."  *Conley v. Gibson*, 355 U.S. 41, 48 (1957).  This issue was before the

Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), where the Court explained:

> Rule 15(a) declares that leave to amend 'shall be freely
> given when justice so requires'; this mandate is to be
> heeded. . . .  In the absence of any apparent or declared
> reason -- such as undue delay, bad faith or dilatory motive
> on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue
> prejudice to the opposing party by virtue of allowance of
> the amendment, futility of amendment, etc. -- the leave
> sought should, as the rules require, be 'freely given.'

*Id.* at 182.

In *Dussouy v. Gulf Coast Investment Corporation*, 660 F.2d 594 (5th Cir. 1981),

the Court of Appeals held:

> 'Discretion' may be a misleading term, for rule 15(a)
> severely restricts the judge's freedom, directing that leave

> to amend 'shall be freely given when justice so requires'.  It
> evinces a bias in favor of granting leave to amend.  The
> policy of the federal rules is to permit liberal amendment
> to facilitate determination of claims on the merits and to
> prevent litigation from becoming a technical exercise in the
> fine points of pleading.

*Id.* at 597-98.

Since *Dussouy*, the Fifth Circuit has repeatedly held that Rule 15(a) evinces a

liberal amendment policy.  See, *e.g.*, *Lowrey v. Texas A & M University System*, 117 F.3d

242, 245 (5th Cir. 1997) ("Rule 15(a) expresses a strong presumption in favor of

liberal pleading"); *Nance v. Gulf Oil Corporation*, 817 F.2d 1176, 1180 (5th Cir. 1987)

("Federal Rule 15(a) counsels a liberal amendment policy"); *Youmans v. Simon*, 791

F.2d 341, 348 (5th Cir. 1986) ("The policy underlying Rule 15(a) is one in favor of

liberal amendment."); *Foster v. Daon Corporation*, 713 F.2d 148, 152 (5th Cir. 1983)

(the purpose of Rule 15(a) "is to assist the disposition of the case on its merits, and

to prevent pleadings from becoming ends in themselves"); *Chitimacha Tribe of

Louisiana v. Harry L. Laws Company, Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982)

(district courts should err on the side of allowing amendments), *cert. denied*, 464 U.S.

814 (1983).  A motion to amend, therefore, should not be denied unless there is a

substantial reason to do so.  *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998)

(citing *Lefall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994)).

B. <u>Application</u>

Brown correctly contends that RBH's proposed amendment is futile because RBH's claim against the proposed defendant, Brown, PLLC, is time barred. Brief in Support of Defendant's Response to Plaintiff's Motion to Amend Its Pleading ("Brown's Brief") at 2 (docket entry 18); see also *Wright v. Dollar Tree Stores, Inc.*, 3:14-CV-1472-N, 2014 WL 11456816, at *1 (N.D. Tex. Sept. 16, 2014) (Godbey, J.) ("An amendment may be considered futile if it would add a party against whom claims are time-barred."). Thus, the instant motion turns on whether the statute of limitations has expired for RBH's copyright infringement claim against Brown, PLLC.

A claim for copyright infringement has a three-year limitations period. *See* 17 U.S.C. § 507(b). RBH contends that the infringement occurred on March 28, 2013. *See* Complaint ¶¶ 17-18. Thus, the limitations period expired three years later on March 28, 2016, well before RBH sought to add Brown, PLLC as a defendant.

RBH does not argue that the statute of limitations should be tolled, but such an argument, if advanced, would be unavailing. First, no facts support invoking the limited doctrine of equitable tolling. See *Jaso v. The Coca Cola Company*, 435 Fed. App'x 346, 357 (5th Cir. 2011) ("Equitable tolling 'applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some other extraordinary way from asserting his rights.'" (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996))).

- 4 -

Second, the discovery rule is inapplicable here. "Under the discovery rule, a claim accrues once the plaintiff knows or has reason to know of the injury upon which the claim is based." *Energy Intelligence Group, Inc. v. Kayne Anderson Capital Advisors, LP*, No. CV H-14-1903, 2016 WL 1203763, at *4 (S.D. Tex. Mar. 22, 2016) (citing *Graper v. Mid-Continent Casualty Company*, 756 F.3d 388, 393 (5th Cir. 2014)). Here, RBH discovered the infringing activity on March 28, 2013. *See* Complaint ¶¶ 17-18. Therefore, RBH's claim accrued the same day.

Moreover, the discovery rule is inapplicable even if RBH was unaware of Brown, PLLC's specific role in the infringement. In determining whether the plaintiff had "reason to know" of its injury, courts look to whether the plaintiff exercised reasonable diligence in investigating its claims. *Geophysical Service Incorporated v. ConocoPhillips Company*, No. CV H-15-2766, 2016 WL 3974834, at *1 (S.D. Tex. July 25, 2016). Here, the infringing website was publicly registered to Brown, PLLC. With minimal investigation, RBH could have discovered Brown, PLLC's role in the infringement and timely filed suit against it. Thus, RBH had reason to know of Brown, PLLC's role in the infringement on March 28, 2013, and the limitations period began running on that day. Furthermore, RBH's failure to exercise reasonable diligence weighs in favor of the court denying this motion. See *Jacobsen*, 133 F.3d at 318 (noting that courts may consider undue delay in deciding whether to grant a party leave to amend its pleading).

- 5 -

Lastly, RBH's proposed amendment does not relate back under Rule 15(c). Rule 15(c) permits a plaintiff to correct a mistaken identity, but does not allow for the addition of a new defendant that was unknown at the time of filing. See *Hazelton v. City of Grand Prairie, Texas*, 8 F. Supp. 2d 570, 581 (N.D. Tex. 1998) (Solis, J.) ("Plaintiff has not shown that he simply misidentified Moreno due to a mistake; instead, Plaintiff did not know his identity at all. Plaintiff has therefore failed to satisfy the misidentification situation which Rule 15(c)(3) seeks to address."); *Martin v. North Texas Healthcare Network*, No. CIV. A. 3:04-CV-1684-M, 2005 WL 639147, at *3 (N.D. Tex. Mar. 16, 2005) (Lynn, J.) ("Plaintiff apparently did not make a mistake when it filed suit against [the defendant]. Plaintiff merely failed to identify all of the possible defendants, but seeks to use the relation back concept under Rule 15(c) to allow him to proceed against parties he had not contemplated suing at the time he filed his initial petition."); *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (holding that an amendment *adding* a new party does not relate back to the original filing). RBH does not seek to correct a mistaken identity by replacing Brown with Brown, PLLC; rather RBH seeks to add Brown, PLLC as an additional defendant. Thus, Rule 15's relation back doctrine does not apply.

It is true that judicial efficiency should be a central consideration in deciding whether to grant a motion for leave to amend. *See* Motion at 3; see also *Dussouy*, 660

F.2d at 598 ("Finally, it is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation.").  However, here, granting leave to amend will not conserve judicial resources.  Permitting RBH's proposed amendment will likely result in additional filings and motions, only to result in the ultimate dismissal of the proposed claim against the new defendant. Thus, it is not in the interest of judicial economy to permit RBH to amend its complaint to add Brown, PLLC as a defendant.

## III.  CONCLUSION

For the reasons stated above, the plaintiff's motion is **DENIED**.

**SO ORDERED**.

December 16, 2016.

A. JOE FISH
**Senior United States District Judge**